S. Samuel Di Falco, S.
The executors seek a construction of testator’s will and a determination as to the charitable organizations intended to receive certain legacies. Testator died on July 7, 1960. In paragraph Fourth of his will dated June 20, 1957 he provided that if his net estate, excluding United States Government Bonds exceeded a certain amount, then the Government bonds were given in stated percentages to charitable institutions. The identity of three of these legatees is sought in this proceeding. In subdivision (a) of paragraph Fourth testator gave 25% of these bonds to the Hebrew University of Palestine; in subdivision (c) thereof 10% to the ‘1 Hadassah Hospital of Jerusalem ” and in subdivision (d) thereof 10% to the “ Hadassah Hospital in Tel Aviv.” Each of these legacies was conditioned upon the legatee being “ under the jurisdiction of the State of Israel, or under Jewish supervision and control.”
Upon the proof submitted the court determines that the legacy in subdivision (a) was intended for The Hebrew University of Jerusalem, Israel and that the legacy in subdivision (c) is payable to the Hadassah Medical Belief Association, Inc. *512 which operates and maintains the Hadassah Hospital of Jerusalem.
Conflicting claims are presented as to the legacy in subdivision (d) of said paragraph Fourth to the Hadassah Hospital in Tel Aviv. The claimants are Hadassah Medical Relief Association, Inc. and the Municipal Corporation of Tel-Aviv-Yafo. It appears that Hadassah Medical Relief Association, Inc. estab-' lished the hospital in Tel Aviv and operated it until 1931 at which time the hospital facilities were transferred to the Municipal Corporation of Tel-Aviv-Yafo. The Hadassah Medical Relief Association, Inc. claims the legacy because it was the founder of the hospital and also because decedent’s wife was a member of Hadassah at the time the will was drawn, and still is, and decedent and his wife had made contributions to Hadassah. If the legacy is paid to it, Hadassah Medical Relief Association, Inc. will apply the fund to its hospital at the Hadassah-Hebrew University Medical -Center in Jerusalem and erect a commemorative plaque as requested by the decedent.
The Municipal Corporation of Tel-Aviv-Yafo which has operated the hospital in question since 1931 contends that there is no ambiguity in the bequest and that it is entitled to the fund because of the testator’s proviso that “ the hospital is under the jurisdiction of the State of Israel”. It will use the fund in the Hadassah Hospital in Tel Aviv and name a room or rooms in commemoration of testator and his wife as desired by the testator.
The court determines that this legacy is payable to the Municipal Corporation of Tel-Aviv-Yafo for the use of the Hadassah Hospital. [In that manner the fund will be used in the hospital in Tel Aviv and thus benefit the inhabitants of that city which it appears was the intention of the testator when he made separate bequests to two hospitals, one in Jerusalem and the other in Tel Aviv.]